UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRICK PROPHET, | Case No. 1:11-cv-304 |
| Plaintiff | Dlott, J. |
| vs | |
| SUPERJOBS, et al., | REPORT AND RECOMMENDATION |
| Defendants | |

Plaintiff, a resident of Cincinnati, Ohio, brings this action against Superjobs, Carla O'Neal, and Charles Walters alleging he was denied funding for job placement and/or schooling. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S.

319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff's pro se complaint alleges that a Superjobs career coach, Carla O'Neal, administered a "TABE" test to plaintiff so he could receive "funding from the workforce investment act fund concerning community college certificate or degree." Plaintiff alleges he passed the test, but was later informed by defendant Charles Walters that he did not qualify for any funds because he was classified as an adult and the only funding available was for dislocated workers. Plaintiff alleges violations of "United Nations; Sixtieth Session; agenda item 71a, 21 March 2006; A/Res/60/147; IX. Reparation for harm suffered; 20(B) compensation lost opportunity employment; (c) loss of potential earnings pg. 7." As relief, plaintiff seeks "compensation in the amount of one hundred million notes that are legal tender for all debts

2

public and private."

In this case, plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court, his complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is no complete diversity of citizenship in this case. Plaintiff and the defendants are Ohio citizens. Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Nor does the complaint allege a violation of federal law. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law. A case arises under federal law when an issue of federal law appears on the face of a

well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Even if the Court liberally construes plaintiff's complaint as alleging a claim of employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., plaintiff's complaint must nevertheless be dismissed.  First, plaintiff fails to allege any facts from which the Court could reasonably infer that he was discriminated against on the basis of his race, age, sex, disability, or any other suspect classification.

Second, the complaint fails to show that plaintiff exhausted his administrative remedies prior to filing suit in federal court.  Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she [or he] must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'"  *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (other citations omitted).  These requirements exist "so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims."  *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).  "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 821 n.10 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000)).

Plaintiff fails to allege facts showing he exhausted his administrative remedies and that he received a notice of right to sue from the EEOC before filing this action.  In fact, the Court notes

that plaintiff's complaint alleges he was only advised in March 2011 that there was no funding for job or educational training, making it extremely unlikely that enough time has elapsed for the exhaustion of the EEOC administrative process. In the absence of any allegations whatsoever showing administrative exhaustion, plaintiff's Title VII claims must be dismissed.

The Court cannot discern any other possible federal claim stemming from plaintiff's allegations. Therefore, plaintiff's allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court concludes that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and, in the alternative, for failure to state a claim for relief. *Mitchell*, 343 F.3d at 821 n.10.[1]  28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800,

---

[1] Under the circumstances of this case, plaintiff's Title VII claim is dismissed for failure to state a claim for relief, and not for lack of subject matter jurisdiction. As explained by the Court in *Mitchell*:

> Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000). It is well-settled that the ninety day right to sue provision is an administrative condition precedent, rather than a jurisdictional prerequisite. *See Truitt,* 148 F.3d at 646-47. Consequently, the court should dismiss the action pursuant to Rule 12(b)(6), for failure to state a claim, rather than Rule 12(b)(1), for lack of subject matter jurisdiction.

*Mitchell,* 343 F.3d at 821, n.10.

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).


Date: 5/13/2011                              s/Karen L. Litkovitz
                                             Karen L. Litkovitz, Magistrate Judge
                                             United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK PROPHET,            Case No. 1:11-cv-304

    Plaintiff                         Dlott, J.

vs

SUPERJOBS, et al.,

    Defendants

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).